UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RUSSELL BALL, | ) |
| Petitioner, | ) |
| v. | ) No. 2:20-cv-00128-JMS-MJD |
| BRIAN SMITH, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Russell Ball for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISF 19-12-0376. For the reasons explained in this Entry, Mr. Ball's habeas petition must be **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. The Disciplinary Proceeding**

On December 18, 2019, Officer Maslin wrote the following Report of Conduct charging

1

Mr. Ball with a violation of code number A-111/113, Conspiracy/Trafficking:

> On 12/18/19 Jennifer Breedlove visited offender Russel[l] Ball #882904 and were assigned visitation table # 11. At approx. 10:50 AM Offender Ball looks to his left in the direction of the officers desk. In what appears to be a manor [sic] to look out while the trafficking occurs. At 10:51 Visitor Breedlove takes her left hand to her waist and removes what appears to be an item. Visitor Breedlove lifts the white plate and places the item under the plate on the table. Offender Ball then lifts the plate and places his right hand under the plates and removes the item. Offender Ball appears to remove the wrapping around the item and continues to attempt to conceal the item. At 10:53 it appears as if offender Ball swallows an item, and then removes more of the item from the original wrapping. Offender Ball has the 2nd item in his left hand under the coke bottle. At 10:54 Offender Ball takes his left hand with the item in it and places it in his mouth, and swallows the item as he notices OII Smith and Kennedy approach him.

Dkt. 1-1 at 3. The report further notes that: "GTL phone call 12/17/19 at 17:08 18SC phone #3 supports offender Ball conspiring to traffic[.]" *Id.* Mr. Ball was placed in restrictive housing on the same day of the incident. *Id.* at 2.

Mr. Ball received the Notice of Disciplinary Hearing Screening Report on January 6, 2020. Dkt. 8-3. He pleaded not guilty and requested a lay advocate. *Id.*; dkt. 8-4. He also requested video evidence of the visit, the recording of the GTL phone call, and testimony from Jennifer Breedlove. Dkt. 8-3.

The Disciplinary Hearing Board provided the following summary of the video footage of the visit:

> On 01.09.2020 I Sgt Criss reviewed the date and time as requested by you. During the time reviewed, I observed your visitor place her hand inside of her shirt. She then retrieves an item and places it under a plate that is on the table where you are seated. I then see that additional staff enter the area. As they remove you from the area I see that you place something in your mouth as you are removed from the area.

Dkt. 8-6. The Court has reviewed the video, which the respondent filed as an *ex parte* exhibit, and finds that this report accurately describes its contents.

2

Sgt. Criss also reviewed the following GTL telephone transcript, sent by email from Officer Maslin of Mr. Ball's December 17, 2019, 5:08 pm call:

> RUSSELL BALL 882904 @2[:]18 C: i have to do 1 of thoes cause 3 are too lumpy O: alright that is fine pleases do that so i can take care of everything C: i tried 3 but it makes it look like i have hard nipples i dont want to do that O: thats fine i wanted 1 for myself but that is fine

Dkt. 8-7.

A disciplinary hearing was held on January 9, 2020. Mr. Ball told the Disciplinary Hearing Officer (DHO): "They gave me a urinalysis and I passed. I was also placed in a dry cell, and nothing was found." Dkt. 8-5. The DHO considered the staff report and the physical and video evidence and found Mr. Ball guilty of code A-111/113. *Id.* Mr. Ball received a deprivation of 53 days earned credit time and a one-step demotion in credit earning class. *Id.*

Mr. Ball appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful. Dkts. 8-8, 8-9. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Ball presents two grounds for habeas relief, neither of which are cognizable federal constitutional claims: (1) the case number on the conduct report does not match the case number on the other case documents; and (2) prior to his disciplinary hearing, he was placed in the restrictive housing unit without a hearing. Dkt. 1; dkt. 15.

#### 1. Conduct Report Number

Mr. Ball states that "[t]he Report of Conduct shows an incorrect case number different from other documents as stated in his administrative appeals." Dkt. 15 at 2. The respondent concedes that Mr. Ball "is correct that it appears the conduct report shows a different case number from the other documents associated with the case: two extra digits appear at the end of the case number on

the conduct report." Dkt. 8 at 7.  On the Report of Conduct, case number ISF 19-12-0376 is followed by a superscript of "74." Dkt. 8-1. Other than these two additional numbers, the case numbers match the Screening Report and the Report of Disciplinary Hearing.

These additional two digits are nothing more than scrivener's error and did not prejudice Mr. Ball or violate his due process rights. Mr. Ball does not claim that he received inadequate notice of his charge or that he was unable due to this error to defend the charge against him. As such, Mr. Ball's first ground challenging his disciplinary conviction fails.

### 2.  Pre-Disciplinary Hearing Restrictive Housing Placement

Mr. Ball argues that he was unlawfully placed in disciplinary segregation without a hearing while prison officials investigated his charge. Dkt. 1 at 2. Mr. Ball states that he "was punished, denied property[,] clothing, rights and privileges that he would have had in Admin. Seg. and General Population." *Id.*

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)).  "It is the custody itself that must violate the Constitution.  Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262

F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Mr. Ball's placement in disciplinary segregation did not include the loss of earned credit time or a demotion in credit class. Therefore, he was not "in custody" under § 2254, and his request for relief on this ground must be **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Ball to the relief he seeks. Accordingly, Mr. Ball's petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

The petitioner's motion for immediate consideration, dkt. [13], is **granted to the extent** that the Court has now ruled on the petition.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/5/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RUSSELL BALL
882904
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov